343 So.2d 633 (1977)
DIXIE FARMS, INC., Appellant,
v.
The HERTZ CORPORATION, Appellee.
No. 75-756.
District Court of Appeal of Florida, Third District.
February 15, 1977.
Rehearing Denied March 31, 1977.
*634 Richard A. Kanner, Miami, for appellant.
Knight, Peters, Hoeveler, Pickle, Niemoeller & Flynn and Joseph W. Downs, III, Miami, for appellee.
Before HENDRY, C.J., and BARKDULL and NATHAN, JJ.
HENDRY, Chief Judge.
This is an interlocutory appeal originating from an order of the lower court dismissing count I of appellant's amended complaint for declaratory relief on the basis of collateral estoppel and/or estoppel by judgment.
Appellant entered into a truck lease agreement with appellee, whereby appellee was to provide automobile liability insurance covering appellant, its agents and employees from any liability arising out of "the ownership, maintenance, use or operation of the vehicles furnished" appellant by appellee.
Thereafter, both parties were made defendants in a lawsuit arising out of an automobile accident in which the plaintiff alleged that an employee of appellant negligently and carelessly parked a truck, owned by appellee and leased to appellant, in such a manner as to impede the safe flow of traffic and obscure an intersectional stop sign. As a result of said act, plaintiff alleged that he collided with another automobile in the intersection and incurred serious injuries.
Appellee provided an attorney who represented both appellee and appellant during the trial. At the trial's conclusion, the jury returned a verdict of negligence against appellant, but exonerated appellee of any liability. A final judgment was thereupon entered in accordance with the verdict.
Soon after, appellee, by letter, informed appellant as follows:

*635 "As you know a verdict in the above case was rendered against Dixie Farms, Inc. and not against The Hertz Corporation.
"Implicit in the jury so finding was the fact that the accident did not arise out of the negligent use of the vehicle.
"If it arose out of the negligent use of the vehicle then a verdict would have been rendered against The Hertz Corporation.
"Since the accident did not arise out of the negligent use of the vehicle it is not covered under the contract with The Hertz Corporation."
Appellant then filed its complaint for a declaratory judgment, seeking its rights on the coverage question pursuant to the lease agreement. After the original complaint was dismissed, appellant filed a two count amended complaint. Count I sought the above declaratory relief, while count II sought damages based upon both appellee's failure to timely notify appellant, before trial, that the insurance provided for in the agreement might not apply under the facts of the above accident and appellee's failure to inform appellant that representation during the trial by appellee's attorney might involve a possible conflict of interest.
The amended complaint was attacked via a motion to dismiss based upon the grounds that the prior final judgment in the negligence action had the effect of determining that the accident did not result from the ownership, maintenance or operation of the leased vehicle, thus precluding coverage under the agreement. Dismissal was granted as to count I of appellant's amended complaint and this interlocutory appeal follows.
Appellee contends that the jury's verdict, exonerating appellee of liability, by necessity dealt with the construction of the lease agreement. Therefore, appellee argues that appellant's declaratory complaint must be barred by either estoppel by judgment or collateral estoppel.
We cannot agree with appellee's contention. The doctrine of estoppel by judgment, or collateral estoppel, operates to prevent relitigation of issues actually adjudicated between the parties in a former action and its operation is limited to matters distinctly put in issue, litigated and determined in the former action. Diplomat Electric, Inc. v. Westinghouse Electric Supply Company, 430 F.2d 38 (5th Cir.1970); Seaboard Coast Line Railroad Company v. Industrial Contracting Company, Inc., 260 So.2d 860 (Fla. 4th DCA 1972).
The record on appeal is devoid of any substantial competent evidence supporting the proposition that the jury actually construed the agreement in relieving appellee of liability. In addition, the general rule that contract construction and interpretation, absent factual disputes, is properly considered by the court, as a matter of law, and not a jury, bolsters appellant's contention that the issue had not been dealt with by the jury during the trial. O'Brien v. Elder, 250 F.2d 275 (5th Cir.1957); Smith v. State Farm Mutual Automobile Insurance Company, 231 So.2d 193 (Fla. 1970), conformed to 232 So.2d 421 (Fla.3d DCA 1970).
In any event, we hold that appellee has failed to meet its necessary burden in proving that the coverage issue was actually litigated and therefore barred by the above doctrines from relitigation. Stone v. Stone, 111 So.2d 486 (Fla. 3d DCA 1959). We therefore reverse the order of the lower court dismissing count I of appellant's complaint and remand the cause with instructions to reinstate said count I.
Another question, appearing to be of first impression, has arisen by virtue of appellant's motion for attorneys' fees on appeal, pursuant to Sections 627.736(8) and 627.428, Florida Statutes (1975). The question is whether or not attorney's fees can be properly awarded to an insured and against a self-insurer upon the rendition of a judgment or decree in the insured's favor, concerning an issue of coverage.
We believe that in accordance with Section 627.733(3)(b), Florida Statutes (1975), a self-insurer who qualifies under Section 324.171, Florida Statutes (1975), is subject to all the rights and obligations of *636 an insurer under the "Florida Automobile Reparations Reform Act," Sections 627.730-627.741, Florida Statutes (1975). In that one of the obligations under the above Act is the payment of attorneys' fees by an insurer to a successful insured, upon the unsuccessful contestation of a coverage question by an insurer, we hold that a self-insurer stands in no different position than any other insurer, and therefore, the taxation of reasonable attorneys' fees are proper.
However, in the case sub judice, we note that as yet, no judgment or decree has been entered in favor of appellant. Therefore, any award of attorneys' fees on appeal is expressly conditioned upon appellant's ultimate success in the lower court. Hart v. Bankers Fire and Casualty Insurance Company, 320 So.2d 485 (Fla. 4th DCA 1975); Dawson v. Blue Cross Association, 293 So.2d 90 (Fla. 1st DCA 1974). Should appellant prevail on the coverage question, and nothing expressed in this opinion should be taken as commenting upon the merits of appellant's claim, then reasonable attorneys' fees on appeal would be in order, said fees to be assessed in the lower court.
Reversed and remanded for further proceedings not inconsistent with this opinion.