PER CURIAM.
Plaintiff Salameh sued Title and Trust Company of Florida demanding delivery of a title insurance policy and attorney fees and costs. Prior to trial, the parties consummated an exchange whereby Salameh delivered an affidavit on his knowledge of a rumored title flaw and Title and Trust delivered the title insurance policy. Salameh then moved for summary judgment for attorney fees as a matter of law which Title and Trust denied on the grounds that the action was moot, that the complaint had been unnecessary and unreasonable, and that § 627.428(1), Florida Statutes (1980), did not provide for attorney fees under the circumstances of the case. The trial court granted Salameh’s motion for summary judgment and set for later hearing the amount of attorney fees to be awarded. At this later hearing, the trial court issued the judgment for attorney fees after denying Title and Trust’s evidence proferred for the purpose of showing that the suit and the attorney’s services were not necessary. We reverse and remand.
We note first that appellee has failed to file an answer brief as required by Fla.R.App.P. 9.210 and echo the words of our sister court in Carlin v. Carlin, 310 So.2d 403 (Fla. 4th DCA 1975) that omission of this responsibility to support the ruling *1036 of the trial court places an undue burden on the appellate court, and, if appellee believes the ruling is not worthy of support, he should confess error and join appellant in seeking a reversal.
Turning to the appeal itself, Fla.R. Civ.P. 1.510(c) requires that summary judgment only be granted where there is no genuine issue as to material fact and the movant is entitled to judgment as a matter of law. In the present ease Title and Trust raised the issue and contended that the filing of the complaint and the attorney’s services were unnecessary to enforce the commitment for title insurance. There was no judgment on the issue of non-performance. However, we do not deem such a judgment is essential, notwithstanding that § 627.428, Florida Statutes (1980) does state that the basis for awarding attorney fees is “[ujpon the rendition of a judgment or decree . . . against an insurer and in favor of an insured . . . . ” We regard the purpose of the statute is to “discourage litigation and encourage prompt disposition of valid insurance claims without litigation.” Gibson v. Walker, 380 So.2d 531, 533 (Fla. 5th DCA 1980). See also Cincinnati Insurance Company v. Palmer, 297 So.2d 96 (Fla. 4th DCA 1974). However, in the absence of a judgment there must be a showing and a finding that the suit and attorney services were necessary to obtain performance of the insurance contract. We deem that there was in this case such an issue on this material fact and that the entry of summary judgment was not justified.
REVERSED and REMANDED for further proceedings consistent with this opinion.
SHAW and JOANOS, JJ., and BEN C. WILLIS, Associate Judge, concur.