546 So.2d 12 (1989)
GOVERNMENT EMPLOYEES INSURANCE COMPANY, Appellant,
v.
Ben WILDER, Appellee.
No. 88-1682.
District Court of Appeal of Florida, Third District.
April 25, 1989.
Rehearings Denied July 21, 1989 and October 11, 1989.
Arthur J. Morburger, Miami, for appellant.
Roger A. Bridges, Coral Gables, for appellee.
Before NESBITT, BASKIN and COPE, JJ.
PER CURIAM.
The trial court correctly determined that the insurance policy issued by the appellant *13 is the first layer of insurance coverage for the automobile accident which formed the basis of this action. See State Farm Mut. Auto. Ins. Co. v. Universal Atlas Cement Co., 406 So.2d 1184 (Fla. 1st DCA 1981), review denied, 413 So.2d 877 (Fla. 1982); Southeast Title & Ins. Co. v. Collins, 226 So.2d 247 (Fla. 4th DCA), cert. denied, 232 So.2d 180 (Fla. 1969); § 624.03, Fla. Stat. (1987).
As an individual self-insurer is not, for most purposes, an "insurer" under the Florida Insurance Code, see § 624.03, Fla. Stat. (1987), and as Allstate Insurance Co. v. Fowler, 480 So.2d 1287 (Fla. 1985), dealt with the setting of priorities among insurance policies, we do not believe that the Fowler decision can reasonably be interpreted as holding that a self-insurer is to be treated as if he were an insurer for purposes of the Fowler rule. Likewise, Dixie Farms, Inc. v. Hertz Corp., 343 So.2d 633 (Fla. 3d DCA 1977) lays down special rules applicable to self-insurers within the context of the Florida Automobile Reparations Reform Act, not involved here. Id. at 635-36.
Accordingly, the final judgment under review is affirmed.