PER CURIAM.
Appellees successfully brought an action against a pooled self-insurance fund to which they belonged. The fund had denied them a defense in an action that alleged wrongful discharge of an employee in violation of section 440.205, Florida Statutes, and aggravation of an injury that arose out of and in the course of employment and for which the employee had a valid workers’ compensation claim.
The trial court granted summary judgment that the fund had a duty to defend the appellees and awarded appellees attorney’s fees. We reverse the award of attorney’s fees.
Section 624.03, Florida Statutes, defines an insurer as “every person engaged as indemnitor, surety, or contractor in the business of entering into contracts of insurance or annuity.” Appellant in the instant case is a member of a pooled self-insurer agreement. The agreement is not an insurance contract.
Section 627.428, Florida Statutes, states in pertinent part:
(1) Upon the rendition of a judgment or decree by any of the courts of this state against an insurer and in favor of any named or omnibus insured or the named beneficiary under a policy or contract executed by the insurer, the trial court or, in the event of an appeal in which the insured or beneficiary prevails, the appellate court shall adjudge or decree against the insurer and in favor of the insured or beneficiary a reasonable sum as fees or compensation for the insured’s or beneficiary’s attorney prosecuting the suit in which recovery is had.
Located in Part II of the Insurance Code, entitled “The Insurance Contract,” the section applies to insurance contracts. It does not apply to self-insurers who pool liability under an agreement governed by Florida’s Workers’ Compensation Law. Because such an agreement is not an insurance contract and a self-insured employer under the Workers’ Compensation Act is not an insurer as the Insurance Code defines insurer, section 627.428 does not apply. Therefore, it cannot authorize an award of attorney’s fees in the instant case. See Zinke-Smith, Inc. v. Florida Ins. Guar. Ass’n, 304 So.2d 507 (Fla. 4th DCA 1974), cert. denied, 315 So.2d 469 (Fla.1975); Gov’t Employees Ins. Co. v. Wilder, 546 So.2d 12 (Fla. 3d DCA), rev. denied, 554 So.2d 1168 (Fla.1989).
A valid policy concern supports the award of attorney’s fees to insureds under insurance contracts who successfully sue their insurance companies when they are denied defense or coverage. The purpose of section 627.428 is to discourage contesting of valid claims and to reimburse successful insureds for their outlays for attorney fees when they are compelled to defend or sue to enforce their contract. See Wilder v. Wright, 278 So.2d 1, 3 (Fla.1973).
This policy concern does not necessarily apply to a pooled self-insurer agreement like the one in the instant case. The agreement of members of a pooled self-insurer group reflects the desires of its members. Generally the members choose not to purchase insurance in order to keep their costs down. Instead they agree to share liability. Imposing attorney’s fees on such a group results in each member paying a pro rata share of the award, including the same member who sued the fund. If the members had contemplated the fund providing for attorney’s fees, they would have included a provision such as that of section 627.-428 in their agreement. Since they did not, we have no authority to impose one on them.
However, since this question is one of great public importance, we certify the following question to the Florida Supreme Court:
DOES SECTION 627.428, FLORIDA STATUTES, APPLY TO POOLED SELF-INSURER AGREEMENTS PURSUANT TO WORKERS’ COMPENSATION LAW SO THAT A MEMBER WHO PROVES HIMSELF ENTITLED TO A DEFENSE DENIED BY THE AGREEMENT’S FUND IS ENTITLED *560 TO AN AWARD OF ATTORNEY’S FEES?
ANSTEAD, GLICKSTEIN and WARNER, JJ., concur.