592 So.2d 1179 (1992)
FLORIDA AUTOMOBILE DEALERS INDUSTRY BENEFIT TRUST, Appellant,
v.
Roosevelt N. SMALL, Appellee.
No. 90-3129.
District Court of Appeal of Florida, First District.
January 15, 1992.
*1180 William C. Owen and Loula M. Fuller, of Carlton, Fields, Ward, Emmanuel, Smith & Cutler, Tallahassee, for appellant.
Walter A. Steigleman, Ft. Walton Beach, for appellee.

ON MOTION FOR REHEARING
ERVIN, Judge.
Appellant's motion for rehearing is denied; our opinion of August 12, 1991 is, however, withdrawn and the following opinion substituted therefor.
Appellant, Florida Automobile Dealers Industry Benefit Trust (FADIBT), appeals an order of the trial court awarding prevailing-party attorney's fees to appellee, Roosevelt N. Small, who prevailed on his claim that FADIBT wrongfully refused to pay his hospital and medical expenses following an accident. FADIBT contends that the attorney's-fee statutes of Chapter 627, Florida Statutes, do not apply to it because it is a self-insurer. We affirm.
FADIBT contends that it is a multiple-employer welfare arrangement (MEWA),[1] established, pursuant to Sections 624.436 through 624.446, Florida Statutes (1989), by a group of automobile dealerships in accordance with the federal Employee Retirement Income Security Act. The issue at trial was whether FADIBT, a self-insurer, is subject to the attorney's fee provisions of Sections 627.428 and 627.6698, Florida Statutes (1989), which refer to insurers rather than self-insurers. After an evidentiary hearing, the trial court entered a judgment in favor of Small, awarding him attorney's fees and costs, and FADIBT filed a notice of appeal. Six days later, the trial court entered an order that was consistent with the prior final judgment, except that it specified that Small was entitled to attorney's fees pursuant to section 627.6698.
We first point out that our review of this case has been impeded by appellee's failure to file an answer brief, an omission that placed an undue burden on this court. Title & Trust Co. of Fla. v. Salameh, 407 So.2d 1035, 1035-36 (Fla. 1st DCA 1981).
Nevertheless, we conclude that attorney's fees were properly awarded pursuant to section 627.6698, which provides:
Upon the rendition of a judgment by any of the courts of this state against an insurer and in favor of any resident of the state who is one of a group of persons insured under a master group health insurance policy executed by the insurer and covering residents of this state, whether issued or delivered inside or outside this state, the trial court or, in the event of an appeal in which the insured prevails, the appellate court shall award the insured a reasonable attorney's fee... .
*1181 FADIBT claims that the definition of "insurer" in Section 624.03, Florida Statutes (1989),[2] does not include the MEWA in the case at bar. We acknowledge that there are cases in which courts have taken this position. See, e.g., Florida Auto. Dealers Self-Insurers Fund v. Plantation AMC/Jeep, Inc., 566 So.2d 558 (Fla. 4th DCA 1990) (section 627.428 is inapplicable to a pooled self-insurance fund, because section 627.428(1) applies to insurance contracts, and a pooled self-insurer agreement is not an insurance contract, nor is a self-insured employer under the Workers' Compensation Law an "insurer" under the insurance code); Government Employees Ins. Co. v. Wilder, 546 So.2d 12, 13 (Fla. 3d DCA) (an individual self-insurer is not, for most purposes, an "insurer" under section 624.03), review denied, 554 So.2d 1168 (Fla. 1989); Zinke-Smith, Inc. v. Florida Ins. Guar. Ass'n, 304 So.2d 507 (Fla. 4th DCA 1974) (an employer that establishes a self-insurance plan is not necessarily converted thereby into an "insurer," as defined under section 624.03), cert. denied, 315 So.2d 469 (Fla. 1975). None of these cases, however, involves a construction of section 627.6698.
Without deciding whether section 627.428 applies to self-insurers, we conclude that section 627.6698 does do so, pursuant to the definitional provision in Section 627.652, Florida Statutes (1989), which states in part:
As used in this part:
* * * * * *
(2)(c) The term "insurer" includes any person or governmental unit providing a plan of self-insurance.
The term "this part" refers to Part VII of Chapter 627, dealing with group, blanket, and franchise health insurance policies. Section 627.6698 is located in Part VII.[3] We thus affirm the trial court's order of attorney's fees pursuant to section 627.6698.
Although we affirm, we consider it helpful to address an issue which was extensively argued in appellant's motion for rehearing: Whether an award of fees pursuant to section 627.6698 against FADIBT is preempted by federal law pertaining to Employee Retirement Income Security Act (ERISA) plans.[4] We agree with FADIBT that if the record before us established that its plan complied with ERISA, applicable federal law would preclude the assessment of the attorney's fee permitted by section 627.6698.
In order for us to adequately analyze the preemption issue, several federal statutes require discussion. It is provided in 29 U.S.C.S. § 1144(a) (Law.Co-op. 1990) that any state law which "relates" to employee benefit plans is preempted by ERISA. However, 29 U.S.C.S. § 1144(b)(2)(A), the savings clause, provides that state laws which "regulate insurance" are not preempted. Nevertheless, 29 U.S.C.S. § 1144(b)(2)(B), the "deemer clause," provides that any state law regulating insurance cannot deem an employee benefit plan to be an insurance company or "other insurer." Pilot Life Ins. Co. v. Dedeaux, *1182 481 U.S. 41, 45, 107 S.Ct. 1549, 1552, 95 L.Ed.2d 39, 46 (1987). In addition, 29 U.S.C.S. § 1144(b)(6)(A)(ii) relates to MEWAs and provides that MEWAs that are not fully insured are subject to the laws of any state that regulate insurance to the extent that such laws are not inconsistent with any other provisions of ERISA.
FADIBT asserts that it is self-insured rather than fully insured, and therefore the above provision applies to its plan. In other words, the provisions of section 627.6698 are inconsistent with the deemer clause of 29 U.S.C.S. § 1144(b)(2)(B), in that it is provided therein that no employee-benefit plan described in 29 U.S.C.S. § 1003(a) may be deemed "to be an insurance company or other insurer ... for purposes of any law of any State purporting to regulate insurance companies, insurance contracts, banks, trust companies, or investment companies." (Emphasis added.) Because FADIBT claims that its plan is in compliance with ERISA, FADIBT consequently could not be deemed an "insurer" subject to the attorney-fee provision of section 627.6698. See Metropolitan Life Ins. Co. v. Whaland, 119 N.H. 894, 410 A.2d 635, 640 (1979) (The deemer clause "manifests Congress' decision to provide a safeguard to prevent a state from labeling a benefit plan as `an insurance company or other insurer ... or engaged in the business of insurance' so as to allow the state to apply to the plan as such its insurance laws.").
FADIBT points out that section 627.6698 may also be preempted under 29 U.S.C.S. § 1144(b)(6)(A)(ii) because the Florida provision is inconsistent with the ERISA attorney-fee provision. Section 627.6698 provides a mandatory award of attorney's fees to a prevailing party in an action by a resident of the state who is insured under a group health-insurance policy against an insurer. The ERISA Act, however, contains the following discretionary attorney-fee provision:
In any action under this subchapter ... by a participant, beneficiary, or fiduciary, the court in its discretion may allow a reasonable attorney's fee and costs of action to either party.
29 U.S.C.S. § 1132(g)(1) (Law.Co-op. 1990).
Section 1132(g) is part of an overall civil-enforcement plan provided in ERISA. In Pilot Life Insurance Co., the United States Supreme Court, in concluding that a plaintiff's common-law action in Mississippi for tortious breach of contract and breach of fiduciary duty was preempted by the civil-enforcement provisions of section 1132, stated:
Congress clearly expressed an intent that the civil enforcement provisions of ERISA § 502(a)[§ 1132(a)] be the exclusive vehicle for actions by ERISA-plan participants and beneficiaries asserting improper processing of a claim for benefits, and that varying state causes of action for claims within the scope of § 502(a) would pose an obstacle to the purposes and objectives of Congress.
Pilot Life Ins. Co., 481 U.S. at 52, 107 S.Ct. at 1555, 95 L.Ed.2d at 50-51 (emphasis added).
Following Pilot Life, two state appellate courts have specifically ruled that state statutes authorizing the assessment of attorney's fees against insurers of ERISA plans were preempted by federal law. See Cramer v. Association Life Ins. Co., 569 So.2d 533 (La. 1990), cert. denied, ___ U.S. ___, 111 S.Ct. 1391, 113 L.Ed.2d 447 (1991) (holding that the clear language of the United States Supreme Court in Pilot Life required the conclusion that its state's mandatory attorney's-fee law was preempted by the discretionary fee provision in ERISA's civil enforcement statute); Manuel v. Connecticut Gen. Life Ins. Co., No. 90-C-02928, 1991 W.L. 33671 (N.D.Ill. 1991) (holding that an Illinois attorney-fee provision was preempted by 29 U.S.C.S. § 1132(g), and that "to allow a corresponding state law claim would undermine the policy choices made by Congress in drafting that section").
Accordingly, we agree with appellant's contention that the states are preempted by federal law from applying inconsistent state statutes imposing attorney's fees upon the insurers of MEWAs *1183 which comply with the provisions of ERISA. The difficulty with appellant's argument is that the record does not establish that its plan is in fact an ERISA plan. The only references in the non-supplemented record pertaining to ERISA are in a copy of the summary plan description which states on the first page thereof that "FADIBT is filed at the U.S. Department of Labor with full protections of ERISA * * *" On the third page of the brochure it is stated that the description of the plan is provided, in part, "to comply with the Employee Retirement Income Security Act of 1984 (ERISA)." Page twenty contains a description of some of the rights and obligations of an FADIBT participant under ERISA. However, simply representing that a plan complies with ERISA is, by itself, insufficient to establish that it does so. Several courts have held that the applicability of ERISA to an employee benefit plan is a question of fact. MDPhysicians & Assocs., Inc. v. Wrotenbery, 762 F. Supp. 695, 697 (N.D.Tex. 1991); Manuel v. Connecticut Gen. Life Ins. Co., No. 90-C-02928, 1991 W.L. 33671 (N.D.Ill. Mar. 12, 1991); Donovan v. Dillingham, 688 F.2d 1367 (11th Cir.1982). For example, in MDPhysicians, although the court noted that the self-funded MEWA at issue complied with ERISA by filing the appropriate documents with the federal government, the court further observed that filing did not by itself prove that the plan was an ERISA plan, and it ultimately held that it was not. Whether FADIBT is covered by ERISA consequently requires an investigation regarding whether the plan is consistent with the definitions of ERISA plans contained in 29 U.S.C.S. § 1002 (Law Co-op. 1990), and whether it is included within the coverage provisions of 29 U.S.C.S. § 1003 (Law.Co-op. 1990).[5]
This court does not have enough information before it from which to decide this issue of fact and therefore, based upon the record before it, is required to affirm. See Applegate v. Barnett Bank of Tallahassee, 377 So.2d 1150 (Fla. 1979). Before reaching our decision to affirm, we issued an order pursuant to the provisions of Florida Rule of Appellate Procedure 9.200(f), directing the parties to supplement the record in an effort to resolve the issue of whether the MEWA complied with ERISA. In response thereto, FADIBT submitted a statement of the proceedings, approved by the trial judge. Although FADIBT indicates that the aforementioned brochure, containing references to ERISA, was attached to Small's complaint, it does not appear that the trial court was asked to determine whether the plan was covered by ERISA. In fact, it appears that the issue of preemption was not raised until FADIBT filed its initial brief on appeal.[6]
Although we agree that the issue of preemption is a question of subject matter jurisdiction, see, e.g., Stallcop v. Kaiser Foundation Hospitals, 820 F.2d 1044, 1048 (9th Cir.), cert. denied, 484 U.S. 986, 108 S.Ct. 504, 98 L.Ed.2d 502 (1987); Carpenter's Health & Welfare Fund of Philadelphia & Vicinity v. Kenneth R. Ambrose, Inc., 665 F.2d 466, 469-70 (3d Cir.1981), and that jurisdictional matters may be raised for the first time on appeal, Adkins v. Burdeshaw, 220 So.2d 39, 40 (Fla. 1st DCA *1184 1969), appellate review is only possible when resolution of the issue does not require factual determinations, National Metal Crafters Div. of Keystone Consolidated Indus. v. McNeil, 784 F.2d 817, 825-26 (7th Cir.1986). Because FADIBT waived the preemption issue by failing to seek resolution of essential questions of fact at trial, i.e., by showing that the plan in question was consistent with the definition of ERISA plans contained in 29 U.S.C.S. § 1002, and was included within the coverage definition of 29 U.S.C.S. § 1003, the attorney-fee award is AFFIRMED.
SMITH and ALLEN, JJ., concur.
NOTES
[1] A MEWA is defined in Section 624.437(1), Florida Statutes (1989), as follows:

[A]n employee welfare benefit plan or any other arrangement which is established or maintained for the purpose of offering or providing health insurance benefits or any other benefits described in s. 624.33, other than life insurance benefits, to the employees of two or more employers, or to their beneficiaries.
[2] Section 624.03 provides: "`Insurer' includes every person engaged as indemnitor, surety, or contractor in the business of entering into contracts of insurance or of annuity."
[3] Although, as earlier stated, a MEWA is defined in section 624.437, which is placed under Part III of the Florida Insurance Code relating to "Authorization of Insurers and General Requirements," we do not consider that the placement of MEWAs therein excludes MEWAs from the provisions of Part VII, particularly in that it appears that the purpose of the health plan before us was to offer the benefits of a group health insurance policy to its insureds. We note that section 627.651(5), which is placed under Part VII, while providing "[t]his section," relating to the requirements applicable to group contracts and plans of self-insurance, is inapplicable to MEWAs, nonetheless subsection (5) also states that MEWAs must comply with the provisions of certain statutes referenced therein. One such statute, section 627.657, sets forth the provisions required to be contained in group health insurance policies. Consequently, because it clearly appears that certain provisions of Part VII are applicable to MEWAs, we are unable to glean any expression of legislative intent to exclude MEWAs from consideration as insurers responsible for paying a prevailing party's attorney's fees, pursuant to the provisions of section 627.6698.
[4] The only reference to the preemption issue in appellant's initial brief appeared in a footnote.
[5] For example, under 29 U.S.C.S. § 1003(a), ERISA applies to "any employer engaged in commerce," and the definition of "employer" in 29 U.S.C.S. § 1002(5) includes an entity that acts in the interest of an employer. All we know from the record at bar is that FADIBT is a trust that provides certain medical benefits to participants, and that Small was apparently a participant because he was employed by an automobile dealership. We know nothing of the relationship between Small's employer and FADIBT, nor of the ownership and organization of FADIBT. As illustrated in MDPhysicians, the economic relationship between the participant, the direct employer of the participant, and the managers or owners of the benefit plan is a critical and sometimes complex issue. FADIBT did not provide either the trial court or this court with proof of such matters that would demonstrate that it satisfies the definition of "employer."
[6] The issue of preemption was not raised in FADIBT's answer, nor in its motion for judgment on the pleadings, and the parties thereafter settled the case between themselves, leaving only the attorney-fee issue for resolution by the trial court. The statement of proceedings indicates only that FADIBT argued that neither section 627.6698 nor the brochure authorized an award of attorney's fees to the plaintiff.