812 So.2d 576 (2002)
C.A. SEGUROS CATATUMBO, Appellant,
v.
Maria HERRERA and Catherine Herrera, Appellees.
No. 3D01-1633.
District Court of Appeal of Florida, Third District.
April 3, 2002.
Schreiber Rondon-Alvarez and Gerhardt A. Schreiber, for appellant.
Hardeman & Suarez and Richard A. Warren, for appellees.
Before JORGENSON, COPE and SORONDO, JJ.
COPE, J.
C.A. Seguros Catatumbo, an insurance company, appeals a judgment against it. For procedural reasons, we reverse.

*577 I.
The insurance company issued an insurance policy to a Venezuelan airline, Zuliana de Aviacion. The plaintiffs-appellees, Maria and Catherine Herrera, are mother and daughter who were passengers on the airline. After an altercation with gate personnel, the Herreras were subjected to a strip search in Venezuela. The airline left them there, flying away with their luggage. The facts are more fully set forth in Zuliana de Aviacion v. Herrera, 763 So.2d 499 (Fla. 3d DCA 2000).
The plaintiffs brought suit against the airline ("the tort action"). The insurance company denied coverage, but at some point undertook to defend the claims against the airline, evidently under a reservation of rights. The plaintiffs brought a declaratory judgment action against the insurance company, seeking a declaration that there was coverage ("the declaratory judgment action"). The airline in the meantime went out of business.
In March 1999 the jury returned a verdict in favor of the plaintiffs on their claims against the airline for negligence, false imprisonment, and intentional infliction of emotional distress. Id. at 500. The jury awarded compensatory and punitive damages. Id.
In July 1999, the trial court issued a declaratory judgment stating that insurance coverage existed.
In August 1999, plaintiffs moved to amend the final judgment in the tort action to add the insurance company as an additional defendant, pursuant to subsection 627.4136(4), Florida Statutes (1999). The trial court granted the motion and entered judgment against the insurer for $173,750. The insurer has appealed and the plaintiffs have cross-appealed.

II.
The insurer argues that it was impermissible to add it to the tort judgment, after that judgment had become final. We agree.
In this case the tort judgment was entered against the airline in March 1999. The airline filed an appeal. Several months later, in July 1999, the plaintiffs obtained the declaratory judgment against the insurance company on the issue of coverage. The plaintiffs then moved to amend the tort judgment to add the insurance company as an additional defendant pursuant to subsection 627.4136(4), Florida Statutes. The trial court granted the motion, and entered judgment against the insurance company.
Subsection 627.4136(4) provides:
(4) At the time a judgment is entered or a settlement is reached during the pendency of litigation, a liability insurer may be joined as a party defendant for the purposes of entering final judgment or enforcing the settlement by the motion of any party, unless the insurer denied coverage under the provisions of s. 627.426(2) or defended under a reservation of rights pursuant to s. 627.426(2). A copy of the motion to join the insurer shall be served on the insurer by certified mail. If a judgment is reversed or remanded on appeal, the insurer's presence shall not be disclosed to the jury in a subsequent trial.
(Emphasis added).
Under the terms of the statute, the motion to add the insurer must be made prior to, or at the time of, entry of judgment against the tort defendant. Such a motion could also be entertained if made within the time for a motion for rehearing under Florida Rule of Civil Procedure 1.530.
After those times expire, the trial court loses jurisdiction. The statute by its *578 terms does not authorize the reopening of a judgment which has already become final, and we find no provision of Florida Rule of Civil Procedure 1.540 which would apply in this context.
This does not mean that the plaintiffs are without remedy. In this case the plaintiffs obtained, subsequent to the tort judgment, a declaratory judgment finding that insurance coverage existed. That declaratory judgment did not award any monetary relief.
The declaratory judgment statute outlines the procedure for obtaining supplemental relief, as follows:
86.061 Supplemental relief.Further relief based on a declaratory judgment may be granted when necessary or proper. The application therefor shall be by motion to the court having jurisdiction to grant relief. If the application is sufficient, the court shall require any adverse party whose rights have been adjudicated by the declaratory judgment to show cause on reasonable notice, why further relief should not be granted forthwith.
Our reversal here is without prejudice to the plaintiffs to file an application for supplemental relief in the declaratory judgment action.[*]
In view of our ruling on the procedural issue, we do not reach any of the parties' remaining claims. Our ruling is without prejudice to the parties to raise those claims in subsequent proceedings.
For the reasons stated, the judgment is reversed.
NOTES
[*] Although no one has suggested that there might be any statute of limitations issue on the filing of such a claim for supplemental relief, we rule that the application for supplemental relief will be deemed filed as of the date of the plaintiffs' earlier-filed motion in the tort action. See Marsh v. Patchett, 788 So.2d 353, 354 (Fla. 3d DCA 2001).