913 So.2d 1280 (2005)
ACE AMERICAN INSURANCE COMPANY, Petitioner,
v.
HCP III OF BRADENTON, INC., a Florida corporation, d/b/a IHS at Riverfront; and Gerry A. Newhouse, as Personal Representative of the Estate of Lawrence J. Newhouse, Deceased, Respondents.
No. 2D05-2512.
District Court of Appeal of Florida, Second District.
November 18, 2005.
Anthony J. Russo and Charles E. Reynolds of Butler Pappas Weihmuller Katz Craig LLP, Tampa, for Petitioner.
John M. Bringardner of Romaguera, Baker Dawson Bringardner & Dias, Orlando, for Respondent HCP III of Bradenton, Inc.
H. Dennis Rogers of H. Dennis Rogers, P.A., Clearwater, for Respondent Gerry A. Newhouse.
ALTENBERND, Judge.
ACE American Insurance Company (ACE) petitions this court to issue a writ of prohibition or certiorari quashing that portion of the "Order Re Plaintiff's Motion for Order Directing Payment of Judgments and Allowing Partial Disbursement" that directs ACE to pay "the unpaid balance of Plaintiff's judgments" in the amount of $60,740.51, along with all legal interest. We treat the petition as an appeal of a nonfinal order entered after a final order pursuant to Florida Rule of Appellate Procedure 9.130(a)(4). We reverse because the trial court had no personal jurisdiction over ACE.
Gerry A. Newhouse, as personal representative of the estate of Lawrence J. Newhouse, commenced these proceedings in circuit court in 2001 by filing a wrongful death action against HCP III of Bradenton, Inc. (HCP III), a nursing home facility. The lawsuit was initially stayed because of the bankruptcy of HCP III. Eventually, the dispute was submitted to arbitration, and Mr. Newhouse received an award of $300,000 in July 2004.
Following resolution of the arbitration, Mr. Newhouse filed a motion to confirm the arbitration award in the pending circuit court action. The circuit court entered *1281 a partial final judgment against HCP III for the $300,000 in September 2004. That judgment reserved jurisdiction to award costs and attorneys' fees. A subsequent partial final judgment awarded costs. From our record, there is no indication that a final judgment resolving the issue of attorneys' fees has been entered.
In March 2005, Mr. Newhouse filed a motion for an order directing payment of the judgments from three insurance companies, Reliance Insurance Company, Zurich American Insurance Company, and ACE. The motion alleged that the three insurance companies had tendered checks to satisfy the judgments but that the checks were approximately $60,000 less than the amounts owed on the judgments, including interest and costs.
In the challenged order entered on April 20, 2005, the circuit court authorized Mr. Newhouse's attorney to deposit the tendered checks from the three insurance companies and disburse the funds. It also ordered ACE to issue an additional draft in the amount of $60,740.51 with all accrued interest.
ACE filed this appellate proceeding, objecting to the circuit court's jurisdiction over its person. Mr. Newhouse concedes that the order is unenforceable against ACE.[1]
The trial court had no in personam jurisdiction over ACE because it is undisputed that ACE was never served and was never a party to the suit. Springbrook Commons, Ltd. v. Brown, 761 So.2d 1192, 1194 (Fla. 4th DCA 2000) (holding that generally the plaintiff must personally serve the defendant when a personal judgment is sought). Although, pursuant to section 627.4136(4), Florida Statutes (2004), a liability carrier may be joined at or before the time judgment is entered against its insured, there was no such joinder in the present case.
We therefore reverse the order of April 20, 2005, that requires ACE to pay the unpaid balance of the judgments.
Reversed and remanded.
FULMER, C.J., and CANADY, J., Concur.
NOTES
[1] The other appellee, HCP III of Bradenton, Inc., did not file a response or answer brief. The two other insurance companies were not parties in the circuit court and have not appeared in this appellate proceeding.