NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

NOVA CASUALTY COMPANY,                )
                                      )
          Petitioners,                )
                                      )
v.                                    )          Case No.    2D15-5395
                                      )
WILSON DEVELOPERS, LLC, a             )
Florida limited liability company;    )
SOUND CONSTRUCTION GROUP,             )
INC., a Florida corporation;          )
ARCHITECTONICS STUDIO, INC., a        )
Florida corporation; TRAE STOKES      )
CONSTRUCTION SERVICES, INC.,          )
d/b/a CONSTRUCTION SERVICES,          )
INC., a dissolved Florida corporation; )
C & O FRAMING AND                     )
CONSTRUCTION, INC., a dissolved       )
Florida corporation; C.Q. INSULATION, )
INC., a Florida corporation; DANIEL   )
INSULATION, INC., n/k/a THOMAS D.,    )
INC., a Florida corporation;          )
GYPSUM PRODUCTS, INC., a              )
dissolved Florida corporation; and    )
STEEL STUD ENTERPRISES, INC., a       )
Florida Corporation,                  )
                                      )
          Respondents.                )
_____)

Opinion filed February 22, 2017.

Petition for Writ of Certiorari to the
Circuit Court for Pinellas County; Bruce
Boyer, Judge.

Jerry McKim of Wyland & Tadros LLP,
West Palm Beach, for Petitioner Nova
Casualty Company.

Ty G. Thompson of Mills Paskert Divers,
Tampa, for Respondent Sound
Construction Group, Inc.

No appearance for remaining
Respondents.

KELLY, Judge.

Nova Casualty Company seeks certiorari review of a nonfinal order adding it as a party to a final judgment. We grant Nova's petition and quash the order.

Wilson Developers, LLC, filed suit against Sound Construction Group, Inc. (Sound), for defective construction of a condominium. Sound filed a third-party complaint against certain subcontractors, including Steel Stud Enterprises, Inc. Steel Stud failed to respond to the complaint and a default judgment was entered against it on August 4, 2014. On October 29, 2014, Sound moved to initiate proceedings supplementary and sought to implead Nova Casualty Company, Steel Stud's commercial general liability insurer, and to join Nova as a party. The trial court granted Sound's motion, impleaded Nova as Steel Stud's insurer and joined Nova in the final judgment. Nova filed a motion for rehearing, which the trial court denied.

In its petition, Nova argues that joinder was improper because Sound failed to meet the requirements of section 627.4136(4), Florida Statutes (2014). That section states, in pertinent part, as follows:

> At the time a judgment is entered or a settlement is reached during the pendency of litigation, a liability insurer may be joined as a party defendant for the purposes of entering final judgment or enforcing the settlement by the motion of any

party, unless the insurer denied coverage under the provisions of s. 627.426(2) or defended under a reservation of rights pursuant to s. 627.426(2).

Under the statute, a motion to add an insurer must be made prior to, or at the time of, entry of judgment against the defendant. ACE Am. Ins. Co. v. HCP III of Bradenton, Inc., 913 So. 2d 1280, 1281 (Fla. 2d DCA 2005) (noting that under the statute, "a liability carrier may be joined at or before the time judgment is entered against its insured"). "Such a motion could also be entertained if made within the time for a motion for rehearing under Florida Rule of Civil Procedure 1.530." C.A. Seguros Catatumbo v. Herrera, 812 So. 2d 576, 577 (Fla. 3d DCA 2002).

Sound's motion was untimely under section 627.4136(4), because it was not filed at the time of final judgment on August 4, 2014, or within the following fifteen days allowed for a motion for rehearing under rule 1.530. Under rule 1.530, the latest a motion for joinder could have been filed was August 19, 2014. After that date the judgment became final and Nova could no longer be added as a party. See Herrera, 812 So. 2d at 577-78 (noting that once the judgment became final, it could not be amended to add the insurer as a party).

Sound argues that this court should dismiss Nova's petition for lack of jurisdiction because the order impleading Nova as a third party is not appealable. Sound also claims that Nova will not suffer irreparable harm by its impleader in the proceedings supplementary. However, as Nova argues, Sound treats impleading a party and joining a party as if they are interchangeable. They are not.

Impleader of a third party in proceedings supplementary "does not in and of itself imply liability on the part of the impleaded third parties." Instead, it provides the

party "with an opportunity to raise their defenses and protect their interests consistent with genuine due process." Mejia v. Ruiz, 985 So. 2d 1109, 1112-13 (Fla. 3d DCA 2008) (recognizing that an insurance company may present defenses at the proceedings supplementary). However, Nova does not challenge the order impleading it into the proceedings supplementary. Rather, Nova is challenging the order adding it to the final judgment as a party. The trial court departed from the essential requirements of the law by joining Nova as party to a final judgment that had been already rendered. Nova is irreparably harmed because it has been made responsible for coverage without having been given an opportunity to raise any defenses it might have to the determination of entitlement to coverage or the amount of coverage.

Accordingly, we grant the petition for a writ of certiorari and quash the order joining Nova as a party. This holding is without prejudice to Sound's right to file a separate action against Nova seeking a declaratory judgment for a determination as to coverage. See C.A. Seguros Catatumbo, 812 So. 2d at 578.

Petition granted; order quashed.

CASANUEVA and SILBERMAN, JJ., concur.