NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

GEICO GENERAL INSURANCE     )
COMPANY,     )
    )
        Petitioner,     )
    )
v.     )     Case No. 2D16-4696
    )
LISA M. NOCELLA,     )
    )
        Respondent.     )
_____ )

Opinion filed August 16, 2017.

Petition for Writ of Certiorari to the Circuit
Court for Hillsborough County; William P.
Levens, Judge.

B. Richard Young and Joshua J. Hartley of
Young, Bill, Boles, Palmer, and Duke, P.A.,
Pensacola, for Petitioner.

No appearance for Respondent.

BADALAMENTI, Judge.

        GEICO General Insurance Company seeks a writ of certiorari to quash the

trial court's order joining it to the final judgment against its insured, Laura Franklin. We

grant GEICO's petition for certiorari and quash the trial court's order.

Lisa M. Nocella was involved in an automobile accident with Ms. Franklin, who carried a GEICO automobile insurance policy. Ms. Nocella prevailed in a negligence action against Ms. Franklin and, on June 24, 2016, the trial court entered a final judgment awarding Ms. Nocella $222,119 in damages, reserving jurisdiction to determine attorney's fees and taxable costs. On July 26, 2016, thirty-two days after entry of the final damages judgment, Ms. Nocella moved to join GEICO as a party defendant to the judgment against Ms. Franklin pursuant to section 627.4136(4), Florida Statutes (2016). After a hearing, the trial court entered a one-sentence order granting Ms. Nocella's motion to join GEICO as a party defendant.

"To obtain a writ of certiorari, the petitioner must show (1) a departure from the essential requirements of the law, (2) resulting in material injury for the remainder of the case (3) that cannot be corrected on postjudgment appeal." Bd. of Regents v. Snyder, 826 So. 2d 382, 387 (Fla. 2d DCA 2002).

Section 627.4136(4) states that a liability insurer may be joined as a party defendant as follows: "At the time a judgment is entered or a settlement is reached during the pendency of litigation, a liability insurer may be joined as a party defendant for the purposes of entering final judgment or enforcing the settlement by the motion of any party . . . ." Accord ACE Am. Ins. Co. v. HCP III of Bradenton, Inc., 913 So. 2d 1280, 1281 (Fla. 2d DCA 2005) (explaining that "a liability carrier may be joined at or before the time judgment is entered against its insured").

Florida Rule of Civil Procedure 1.530(g) sets a fifteen-day deadline to move to alter or amend a judgment as follows: "A motion to alter or amend the judgment shall be served not later than 15 days after entry of the judgment . . . ." (Emphasis

added.)  Our court has held that both the statute and the rule apply to the joinder of insurers to judgments against their insureds.  Nova Cas. Co. v. Wilson Developers, LLC, 212 So. 3d 477, 478 (Fla. 2d DCA 2017) (first citing ACE Am. Ins. Co., 913 So. 2d at 1281; then quoting C.A. Seguros Catatumbo v. Herrera, 812 So. 2d 576, 577 (Fla. 3d DCA 2002)).  The latest that Ms. Nocella could have moved to join GEICO to the damages judgment was July 11, 2016.[1]  After the fifteen-day period set forth in rule 1.530(g) elapsed, the judgment became final and GEICO could no longer be added as a party.  Nova Cas. Co., 212 So. 3d at 478 (citing Herrera, 812 So. 2d at 577-78).

Here, it is undisputed that Ms. Nocella filed her motion to join GEICO on July 26, 2016—thirty-two days after entry of the final judgment and fifteen days after July 11, 2016.  Accordingly, she failed to satisfy both section 627.4136(4) and the fifteen-day requirement in rule 1.530(g).  Therefore, the trial court departed from the essential requirements of the law by granting Ms. Nocella's motion to join GEICO to the damages judgment.  See Nova Cas. Co., 212 So. 3d at 479.

The trial court's departure resulted in irreparable harm because, after fifteen days, the judgment against Ms. Franklin became final, preventing GEICO from disputing Ms. Franklin's entitlement to coverage or the amount of coverage under GEICO's policy for that matter.  Id. ("The trial court departed from the essential requirements of the law by joining Nova as party to a final judgment that had been already rendered.  Nova is irreparably harmed because it has been made responsible

---

[1]Fifteen days from June 24, 2016, is Saturday, July 9, 2016.  Accordingly, Ms. Nocella would have had until Monday, July 11, 2016, to file her motion for joinder.  See generally Fla. R. Jud. Admin. 2.514(a)(1)(C) (explaining that, where the last day of a time period specified in a rule of procedure falls on a weekend or a legal holiday, the period continues to run until the next day that is not a weekend or a legal holiday).

- 3 -

for coverage without having been given an opportunity to raise any defenses it might have to the determination of entitlement to coverage or the amount of coverage."). Accordingly, we grant GEICO's petition for certiorari and quash the trial court's order joining GEICO to Ms. Nocella's judgment against Ms. Franklin.

Petition granted; order quashed.

VILLANTI and CRENSHAW, JJ., Concur.