ON COURT’S SUA SPONTE DISMISSAL OF APPEAL

WARNER, Judge.
The husband’s notice of appeal states that he is appealing an order denying costs and denying in part the husband’s motion for rehearing of a final judgment of dissolution. In fact, there is no order denying rehearing in part. The order from which the husband appealed stated that the husband’s motion for rehearing would be farther considered at a later hearing during which the court would address only certain of the issues raised in the motion for rehearing. There was no explicit denial of the remaining issues contained in the order.
■ At the later hearing, the trial court orally ruled on certain remaining issues and granted rehearing on a tax issue, ordering a further evidentiary hearing on the matter. The court directed the husband to prepare an order on these issues. Instead, the husband filed the notiee of appeal.
The wife filed a motion to dismiss the appeal which was originally denied by this court. However, subject matter jurisdiction can be raised at any time. Stel-Den of Am., Inc. v. Roof Structures, Inc., 438 So.2d 882, 884 (Fla. 4th DCA 1983), rev. denied, 450 So.2d 488 (Fla.1984). “[A]n appellate court has the inherent authority to depart from previous interlocutory rulings as a matter of grace in unusual circumstances where the ruling is erroneous and manifest injustice will result from a strict application of the [law of the case] rule.” General Accident Ins. Co. v. Packal, 512 So.2d 344, 346 (Fla. 4th DCA 1987). Thus, we can reconsider this interlocutory order.
Upon reviewing the briefs, it is clear that the order the husband seeks for us to review is the final judgment of dissolution. However, the issue for us to decide is whether the judgment is rendered for purposes of appeal. Fla.RApp.P. 9.020(g), 9.110(b). That depends on whether the husband’s motion for rehearing has been disposed of in the lower court. A motion is disposed of by the filing of a signed, written order disposing of the motion. Fla.R.App.P. 9.020(g)(1). A motion may also be abandoned by filing a notice of appeal before the,trial court disposes of the motion for rehearing. Fla.RApp.P. 9.020(g)(3).
All of the eases we could find addressing the abandonment doctrine are ones where the notice of appeal was filed after the motion for rehearing was filed but before hearing on the motion. See, e.g., In re Forfeiture of $104,591 in U.S. Currency, 589 So.2d 283 (Fla.1991). No case could be found similar to the instant appeal, where the trial court had orally ruled on the motion, and the notice of appeal was filed before the written order was entered.
We analogize this situation to a voluntary dismissal under Fla.R.Civ.P. 1.420(a) *888 which provides that a party may voluntarily dismiss a non-jury case at any time before submission to the court for decision. At that point the right to unilaterally dismiss the case is withdrawn. We think the same reasoning should apply to the abandonment of a motion for rehearing — that the right to unilaterally abandon such a motion ceases once the matter has been submitted to the court for decision, and the court has orally stated its decision. We could relinquish jurisdiction at this juncture for the rendition of an order nunc pro tunc to a point prior to the filing of the notice of appeal. Becker v. King, 307 So.2d 855 (Fla. 4th DCA 1975). This preparation of the order is merely a ministerial act. Our Gang, Inc. v. Commvest Sec., Inc., 608 So.2d 542 (Fla. 4th DCA 1992). Therefore, we hold that the appellant could not be considered as having abandoned the motion, as he actually obtained a ruling on it.
In its oral ruling the trial court never explicitly denied any part of the motion for rehearing, although it granted certain parts and ordered an evidentiary hearing on one issue. This is not the equivalent of an order granting new trial, see Fla.R.App.P. 9.110(a)(3), and it is clear that judicial labor is not at an end. If we were to relinquish jurisdiction to require the court to enter a nunc pro tunc order on the rehearing, it would be a non-final, nonappealable order.
We therefore dismiss this appeal. This leaves the parties with a judgment which is not yet final, as the order granting a rehearing precludes finality. Although the issue on rehearing goes to the husband’s income and tax ramifications, as we often say, an adjustment of one aspect of the financial aspects of a dissolution may affect all other issues. E.g., Ugarte v. Ugarte, 608 So.2d 838 (Fla. 3d DCA 1992), cause dismissed, 617 So.2d 322 (Fla.1993). We do not know whether the trial court will make such adjustments after the additional evidence is received.
In addition, the appeal of the order denying costs is also premature. Florida Rule of Appellate Procedure 9.130(a)(4) permits the appeal of non-final orders entered after final order. Because the judgment is not yet final, this too remains a non-final, nonappealable order. Thus, depending on the trial court s final resolution of the financial aspects of the parties’ marriage, the court may also revisit this order.
Our resolution of this matter by dismissal permits the trial court to take further evidence, as it indicated it would in granting the motion for rehearing. The court can then proceed to final judgment possessing all of the information necessary to make an informed decision, what it was attempting to do when the husband filed his appeal. Thus, if we are called on to review any judgment, we will be assured that the trial court has fully deliberated all of the interrelated issues of the dissolution. To review this appeal at this juncture, knowing that the trial court’s judgment was subject to change and required the presentation of additional evidence, would be a disservice to the parties and the trial court.
The appeal is dismissed.
GUNTHER, C.J., and FARMER, J., concur.