764 So.2d 731 (2000)
Roger E. ULRICH, Appellant,
v.
EATON VANCE DISTRIBUTORS, INC., and Wharton P. Whitaker, Appellees.
No. 2D99-1057.
District Court of Appeal of Florida, Second District.
June 30, 2000.
*732 John R. Kiefner, Jr., Clifford J. Hunt and Matthew G. Schindel of Riden, Earle & Kiefner, P.A., St. Petersburg, for Appellant.
Burton W. Wiand, Hala A. Sandridge and Charles Tyler Cone of Fowler, White, Gillen, Boggs, Villareal and Banker, P.A., Tampa, for Appellee Eaton Vance Distributors, Inc.
Frederick S. Schrils of Holland & Knight, LLP, Tampa, for Appellee Wharton P. Whitaker.
NORTHCUTT, Judge.
We affirm a partial final summary judgment denying Roger Ulrich's claim for an attorney's fee award from his former employer, Eaton Vance Distributors, Inc., and from his supervisor, Wharton P. Whitaker, in an arbitration concerning an employment dispute.
Ulrich submitted four claims to the arbitrators: defamation, tortious interference with a business relationship, breach of an implied covenant of good faith and breach of a verbal agreement to pay commission overrides. The arbitration panel awarded him damages and costs. The panel also awarded Ulrich attorney's fees in an amount to be determined by a court of competent jurisdiction, but did not refer to any statutory or contractual basis for the recovery of fees.
Confirmation proceedings ensued in circuit court, where Eaton Vance and Whitaker moved to vacate the arbitrators' award on several grounds, one of them being that the arbitrators had no authority to decide attorney's fee issues. The circuit court confirmed the arbitration award while reserving jurisdiction to determine the amount of Ulrich's attorney's fee award.
This court reversed a portion of the award dealing with prejudgment interest, but otherwise affirmed, and denied Ulrich's motion for attorney's fees on appeal. See Eaton Vance Distribs., Inc. v. Ulrich, 692 So.2d 915 (Fla. 2d DCA 1997). Eaton Vance and Whitaker unsuccessfully sought review in the Florida Supreme Court, which also denied Ulrich's request for attorney's fees. See Eaton Vance Distribs., Inc. v. Ulrich, 705 So.2d 8 (Fla.1997) (table decision). Eaton Vance and Whitaker subsequently paid the amounts due under the final judgment as amended by this court's opinion. On remand the matter proceeded before a successor judge, who ultimately *733 granted Eaton Vance and Whitaker a summary judgment denying Ulrich's entitlement to attorney's fees.
In this appeal Ulrich does not argue that he was legally entitled to fees for the claims he pursued in arbitration; indeed, there was no statutory or contractual basis for such an award. Rather, Ulrich maintains that the question of his entitlement to fees was finally resolved in his favor by the order confirming the arbitration award. Therefore, he argues, Eaton Vance and Whitaker waived this issue by failing to raise it in their appeal from the confirmation judgment, and the successor judge had no authority to revisit the issue on remand. We disagree.
Issues regarding attorney's fees are considered collateral to the main dispute. Therefore, a judgment on the merits of a suit is final and appealable even if it reserves jurisdiction to later determine either a party's entitlement to an attorney's fee award or the amount to be awarded. See Travelers Indem. Co. v. Hutchins, 489 So.2d 208 (Fla. 2d DCA 1986); Grasland v. Taylor Woodrow Homes Ltd., 460 So.2d 940 (Fla. 2d DCA 1984). Conversely, notwithstanding the finality of the judgment as it relates to the underlying dispute, the attorney's fee issue is not finally resolved or ripe for appellate review until both entitlement and amount have been determined. See Montanez v. Montanez, 697 So.2d 184 (Fla. 2d DCA 1997); Ritter v. Ritter, 690 So.2d 1372 (Fla. 2d DCA 1997).
Based on these principles, the judgment confirming the arbitration award was final and appealable in all respects save the attorney's fee issue. Until the court determined the amount of the attorney's fees to be awarded to Ulrich, its ruling that he was entitled to such an award remained interlocutory. Therefore, Eaton Vance and Whitaker could not have challenged that ruling on appeal, and they did not waive the issue by failing to raise it. Moreover, because the entitlement ruling remained interlocutory, the successor judge had authority to revisit and correct it. See Tingle v. Dade County Bd. of County Comm'rs, 245 So.2d 76, 77 (Fla. 1971); Raymond, James & Assoc., Inc. v. Zumstorchen Inv., Ltd., 488 So.2d 843, 845 (Fla. 2d DCA 1986).
Ulrich argues that attorney's fee rulings made in orders confirming arbitration awards should be treated differently, but we see no reason for doing so. For one thing, section 682.20(2), Florida Statutes (1995), provides that appeals in arbitration matters "shall be taken in the manner and to the same extent as from orders or judgments in a civil action."
Further, it is apparent that when devising Florida's Arbitration Code the legislature, too, viewed attorney's fee issues as collateral to the main disputes. Thus, section 682.11 provides that, unless otherwise agreed, the arbitrators' expenses and fees "together with other expenses, not including counsel fees, incurred in the conduct of the arbitration, shall be paid as provided in the award." (Emphasis supplied.) Our supreme court has interpreted this statute to mean that, unless the parties expressly agree to submit attorney's fee issues to arbitration, the arbitrators have no authority to decide them. See Turnberry Assoc. v. Service Station Aid, Inc., 651 So.2d 1173, 1175 (Fla.1995). That case also held that it is the province of the circuit court to determine whether the parties had made such an express agreement. See id.
It can be seen, then, that the determination of the contested attorney's fee issue in this case was a judicial function even though the underlying claim was arbitrated. That function was not complete-and therefore not final or appealable-until the court determined both entitlement to an award and its amount.
In a well-reasoned order the successor judge determined that he had the authority to revisit Ulrich's entitlement to an attorney's fee award, discerned from the record on motion for summary judgment that the parties had not expressly agreed *734 to submit that issue to the arbitrators, and concluded that no statute or contract provision authorized an attorney's fee award. The judge was correct on all accounts.
Affirmed.
WHATLEY, A.C.J., and STRINGER, J., Concur.