840 So.2d 1166 (2003)
Melinda M. FARR, Appellant,
v.
James D. FARR, Appellee.
No. 2D02-643.
District Court of Appeal of Florida, Second District.
March 28, 2003.
Thomas J. Trask of Frazer, Hubbard, Brandt & Trask, L.L.P., Dunedin, for Appellant.
Charles D. Waller, Dade City, for Appellee.
ALTENBERND, Chief Judge.
Melinda M. Farr appeals a final judgment dated January 10, 2002, dissolving her marriage to James D. Farr. We affirm all aspects of the final judgment except the provision that dismissed an injunction against domestic violence. At the time of the final hearing, Mr. Farr had not moved to dismiss the injunction, and neither party was on notice that the trial court would consider this issue. Accordingly, the final judgment did not accord due process for this issue.
Reluctantly, we must also strike an order resolving a motion for rehearing, which the trial court entered on April 11, 2002. Ms. Farr filed a timely motion for rehearing and then "in an abundance of caution" filed a notice of appeal on February 8, 2002. The motion for rehearing was abandoned by the filing of the notice of appeal. See Fla. R.App. P. 9.020(h)(3). Ms. Farr now complains that the trial *1167 court lacked jurisdiction to enter the order resolving her own abandoned motion for rehearing, even though many aspects of this order were to her benefit. For example, the trial court attempted to correct its own error concerning the dismissal of the domestic violence injunction. Nevertheless, we must strike the order because Ms. Farr is correct that the trial court lacked jurisdiction to enter it. See Rice v. Brown, 645 So.2d 1020, 1021 (Fla. 2d DCA 1994).
Affirmed in part, reversed in part, and remanded.
WHATLEY and SILBERMAN, JJ., Concur.