PER CURIAM.
 

 The former husband seeks review of portions of the final judgment dissolving the marriage between him and the former wife. We affirm as to all issues.
 

 The former husband complains first about a provision directing him to pay $30,000 to the former wife. The trial court characterized this award as “lump sum alimony.” However, it is apparent that the award was intended as an equitable award to reimburse the former wife for $30,000 of premarital funds she had invested in the marital home, which investment she lost when the home was foreclosed upon because the former husband did not pay the mortgage while the dissolution litigation was pending as he had been ordered to do. As such, the award is amply supported by the record. To the extent that, as a part of this issue, the former husband complains that the trial court failed to make findings of fact as required by statute, he has not preserved the point because, although he filed a motion for rehearing, he abandoned it when he filed his notice of appeal before the trial court had ruled on the motion.
 
 See Owens v. Owens,
 
 973 So.2d 1169, 1170 (Fla. 1st DCA 2007) (treating a complaint that the trial court failed to make adequate findings of fact as unpreserved because it was not
 
 *1017
 
 raised by a motion for rehearing); Fla. R.App. P. 9.020(h)(3) (stating that, if a notice of appeal is filed before an order is entered disposing of a timely filed motion for rehearing, the motion will be deemed abandoned). The other two issues raised by the former husband are, likewise, not preserved because either not presented in a motion for rehearing or, if presented, abandoned when he filed his notice of appeal before the trial court ruled on the motion.
 

 AFFIRMED.
 

 WOLF, WEBSTER, and THOMAS, JJ., concur.