CORTINAS, J.
Charles Yost (“Petitioner”) petitions this Court for a writ of certiorari quashing the trial court’s order granting Doris Fiallos’ (“Respondent”) motion for rehearing and vacating an order enforcing settlement.[1] Because the trial court lacked jurisdiction when it granted Respondent’s motion and vacated the order enforcing settlement, we grant the petition and quash the trial court’s order.
After a one-vehicle accident involving Respondent and an automobile owned by Debys Fiallos (“Fiallos”) and driven by Petitioner,[2] Respondent sent Fiallos’ insurer, Progressive Insurance Company (“Progressive”), a demand letter, listing Petitioner as the insured, for the tender of $100,000 and an executed general release for the complete and full settlement of the underlying case. Progressive then received a demand letter listing Fiallos as the insured, requesting the tender of $10,000 and an executed general release, and within the twenty-day time limit provided therein, issued a check for $10,000. However, no executed general release was supplied.
Thereafter, on July 30, 2010, Petitioner filed a motion to enforce settlement, seeking an order from the trial court for final settlement of the case and an executed general release based on Progressive’s acceptance of the offer as set forth in the demand letter. On December 7, 2010, the trial court granted Petitioner’s motion to enforce settlement (the “December 7 Order”).
On December 29, 2010, Respondent filed a motion for rehearing or reconsideration with the trial court for review of the December 7 Order (the “Motion”). Subsequently, on January 6, 2011, Respondent filed a notice of appeal with this Court, seeking review of the December 7 Order.
On January 31, 2011, Petitioner filed a response in opposition to Respondent’s Motion, arguing the trial court lacked jurisdiction to rule on the Motion or to vacate or reverse the order enforcing settlement. Petitioner reasoned that in addition to the Motion being untimely filed, the Motion was abandoned once Respondent filed a notice of appeal with this Court.[3] In response, Respondent claimed that the trial court’s December 7 Order was a non-final order and was not reflective of the finality of underlying action, e.g., enforcing settlement. Ultimately, on February 10, 2011, the trial court granted Respondent’s Motion and entered an order vacating the December 7 Order (the “February 10 Order”). This petition followed.
We review a petition for writ of certiorari for two prerequisites. State Farm Fla. Ins. Co. v. Puig, 62 So.3d 23 (Fla. 3d DCA 2011). “First, that the order caused irreparable harm which cannot be remedied on appeal following final judgment; and second, that the order departed from the essential requirements of the law.” Id. 62 So.3d at 25 (quoting Fuller v. Truncale, 50 So.3d 25, 27 (Fla. 1st DCA 2010)).
*701 The parties agree that rule 9.020(h)(3) of the Florida Rules of Appellate Procedure is applicable here. Rule 9.020(h)(3) states:
(h) Rendition (of an Order). An order is rendered when a signed, written order is filed with the clerk of the lower tribunal.... [I]f a final order has been entered and there has been filed in the lower tribunal an authorized and timely motion ... for rehearing, ...
[[Image here]]
(3) If such a motion or motions have been filed and a notice of appeal is filed before the filing of a signed, written order disposing of all such motions, all motions filed by the appealing party that are pending at the time shall be deemed abandoned, and the final order shall be deemed rendered by the filing of the notice of appeal as to all claims between parties who then have no such motions pending between them.
Fla. R. App. P. 9.020(h)(3). Respondent concedes that the filing of the January 6, 2011 notice of appeal effectively abandoned the Motion and divested the trial court of jurisdiction to rehear, reconsider, or vacate the December 7 Order. Therefore, we hold that the trial court lacked jurisdiction when it rendered the February 10 Order, and accordingly, departed from the essential requirements of law. Farr v. Farr, 840 So.2d 1166, 1166 (Fla. 2d DCA 2003) (“The motion for rehearing was abandoned by the filing of the notice of appeal” and thus, the trial court lacked jurisdiction to enter an order on the motion for rehearing.) (citation omitted); Palm Beach Cnty. v. Boca Dev. Assocs., Ltd., 485 So.2d 449, 453 (Fla. 4th DCA 1986) (“[W]e reverse the trial court’s order, which vacated a prior final judgment, because the trial court was without authority to alter, let alone vacate, the original judgment.”).
Given the foregoing, allowing the February 10 Order to stand would materially harm Petitioner’s rights and interests to enforcing settlement with Progressive, leaving no adequate remedy on appeal. The Florida Rules of Appellate Procedure, specifically rule 9.130(4), states that “[n]on-final orders entered after final order on motions that suspend rendition are not reviewable.” Fla. R. App. P. 9.130(4). Accordingly, we grant the writ of certiora-ri, and quash the February 10 Order.
Petition granted; order granting the motion for rehearing and vacating the order enforcing settlement quashed.

. Respondent's motion was filed by Doris Fi-allos, on behalf of a minor child, Genesis Tarazona.

. Fiallos and Respondent are both named defendants in the underlying case.

. Respondent has since voluntarily dismissed its January 6, 2011 notice of appeal.