WARNER, J.
Appellant, Diane Krock, appeals a final judgment awarding attorney’s fees and costs to State Farm Mutual Automobile Insurance Company in the amount of $163,415.79 pursuant to an offer of settlement. Krock challenges the trial court’s denial of her request for a continuance of the fee hearing. Finding no abuse of the court’s discretion, we affirm.
This case began in 2002 when Krock filed a negligence action against another driver for personal injuries Krock suffered in an automobile accident in 1999. Krock later filed an amended complaint in which she asserted a claim for underinsured motorist benefits against State Farm. State Farm denied liability and served a proposal for settlement which Krock did not accept. At trial, she recovered less than the proposal. She appealed the resulting judgment, which this court per curiam affirmed on appeal. See Krock v. Kahan, 989 So.2d 649 (Fla. 4th DCA 2008). In connection with the appeal of that final judgment, this court conditionally granted State Farm’s motion for appellate fees to be set by the trial court. Shortly after the conclusion of the appeal, Krock’s attorney withdrew from her representation. After the underlying final judgment was affirmed on appeal, State Farm filed an Amended Motion to Tax Attorney’s Fees and Costs pursuant to section 768.79, Florida Statutes, and also filed a motion for the trial court to award appellate fees and costs. Those motions were filed in 2008 and set for hearing first in December 2008, which hearing was continued at Krock’s request, and again in February 2009. Pri- or to that hearing, Krock requested a six-month continuance based on various health problems. The trial court granted the motion.
About six months after Krock’s previous request for a continuance had been granted, State Farm re-noticed its fee motions for hearing on October 9, 2009. On October 5, 2009, Krock sent a letter to the judge. Attached to Krock’s letter was a doctor’s note, which stated that she was 100% disabled, that she had multiple medical and psychological problems, that she was in no condition to travel, and that she would never be able to drive again. This same letter and request for continuance was faxed to the judge the day before the hearing.
The trial court denied Krock’s request for an extension of time and went forward with the hearing on State Farm’s fee motions. In the order denying Krock’s motion for an extension of time, the trial court explained in detail its reasoning for denying the request:
This action came before the Court upon receipt of a letter that appears to be ex parte, in other words there is no certificate of service. Therefore a copy of the letter is attached to this order.
Plaintiff Mrs. Krock requests an extension of time based on a medical note from her doctor that in essence said that she will never be able to drive again and she is in no condition to travel. This is not the first time that this matter has been extended for Mrs. Krock’s benefit *41 so that she can attend a hearing. This case was tried before a jury and a verdict [was] rendered on September 15, 2006 and an amended final judgment was entered on September 15, 2006 and an amended final judgment was entered on March 20, 2007. The defense has been waiting for its hearing in order to have its fees and costs taxed. Mrs. Krock’s medical condition apparently has never allowed her to appear. There appears to be no likelihood that Mrs. Krock will ever appear. Therefore to have extended the last hearing would have been pointless. The hearing remained scheduled and never extended. The motion to vacate that order and further extend the time is hereby denied.
Subsequently, the trial court entered a final order awarding attorney’s fees and costs to State Farm in the amount of $168,415.79. The final order mentioned that Krock “made no attempt to appear telephonieally or make other arrangements to participate in the hearing.” Krock filed a motion for rehearing, raising a litany of allegations. However, before any ruling from the trial court on her motion for rehearing, Krock filed a notice of appeal as to the final fee judgment and as to the order denying her an extension of time. Therefore, any matters in her motion for rehearing were abandoned. See Fla. R.App. P. 9.020(h)(8).
In her brief, Krock contends that the trial court abused its discretion in denying her motion for extension of time based upon her medical condition. The standard of review of a trial court’s denial of a motion for continuance is abuse of discretion. See A.P.D. Holdings, Inc. v. Reidel, 865 So.2d 682, 683 (Fla. 4th DCA 2004). An appellate court will not reverse unless an abuse of discretion is “clearly shown.” Taylor v. Mazda Motor of Am., Inc., 934 So.2d 518, 520 (Fla. 3d DCA 2005).
Factors to be considered in determining whether the trial court abused its discretion in denying the motion for continuance include the following: 1) whether the denial of the continuance creates an injustice for the movant; 2) whether the cause of the request for continuance was unforeseeable by the movant and not the result of dilatory practices; and 3) whether the opposing party would suffer any prejudice or inconvenience as a result of a continuance. Fleming v. Fleming, 710 So.2d 601, 603 (Fla. 4th DCA 1998). However, “when undisputed facts reveal that the physical condition of either counsel or client prevents fair and adequate presentation of a case, failure to grant a continuance is reversible error.” Ziegler v. Klein, 590 So.2d 1066, 1067 (Fla. 4th DCA 1991). As noted by the Fifth District in Myers v. Siegel, 920 So.2d 1241 (Fla. 5th DCA 2006), cases involving illness of counsel or a party do not mandate reversal in all circumstances. Instead, additional factors should be considered, including:
(1) the length of the requested continuance; (2) whether the counsel who becomes unavailable for trial has associates adequately prepared to try the case; (3) whether other continuances have been requested and granted; (4) the inconvenience to all involved in the trial; and (5) any other unique circumstances. Consideration of these factors allows the courts to balance the protection of the client’s right to counsel of his or her choice with the general interest in the prompt and efficient administration of justice, which includes an opposing party’s right to prompt resolution of the issues involved in the proceedings.
Id. at 1243.
Applying these factors to the present case, we cannot say that the trial court *42 abused its discretion. Krock’s medical condition appears not to be disputed and has been ongoing. Her physical issues began with another automobile accident in 2008, and she had additional issues which predated that accident, which she claimed arose from the 1999 automobile accident. The cause of the need for the continuance was clearly foreseeable, yet Krock waited until just a few days prior to each hearing to make a request for continuance. In the case of the final hearing, although the notice of hearing was sent in August, Krock did not send her motion for continuance until four days prior to the hearing.
Based upon the history of requests at the last minute, the trial court could conclude that the request was dilatory and solely to delay the proceedings. This is reinforced by Krock’s failure to make other arrangements to attend the hearing either telephonically or through other means. And, the request for a delay of nine months appears unreasonable, given the prior lengthy continuances.
Because the hearing involved the setting of attorney’s fees, we cannot conclude that Krock’s absence prevented a fair and adequate presentation of the case. In this regard, this is unlike Ziegler v. Klein, where the husband, who was pro se, was absent from the final hearing on his divorce because he was hospitalized. His absence meant that he could not present his own testimony on the issue of child custody, child support, or alimony. In this case, on the other hand, the issue was the amount of attorney’s fees to be awarded. That would require expert attorney testimony. Krock has not suggested that she had made arrangements to submit such evidence to the court.
The trial court granted substantial continuances to Krock as a result of her medical conditions. Considering the balance of her right to attend the hearing with the efficient administration of justice and the right of the opposing party to have its day in court, we cannot say that the court abused its discretion in denying her request for the additional nine-month continuance.
While Krock makes a litany of other claims, including that State Farm’s attorney agreed to a continuance and that the judge’s judicial assistant told her the hearing would be continued, there is no record support for such claims. A party may not go outside the record in making appellate arguments. See, e.g., Doctors Assocs., Inc. v. Thomas, 898 So.2d 159, 162 (Fla. 4th DCA 2005) (“An appellate court may not consider matters outside the record.”). Therefore, they do not provide a ground for reversal.
For the foregoing reasons, we affirm.
POLEN, J., and EHRLICH, MERRILEE, Associate Judge, concur.