POLEN, J.
This appeal was brought by the defendants’ liability insurer, which retained counsel to represent the defendants in the negligence action below. Following a verdict in favor of the plaintiff, the plaintiff moved to add the insurer as a party to the final judgment for the purposes of attorneys’ fees and taxable costs. The plaintiffs motions were granted, and the insurer now appeals. We affirm and hold that the plaintiff timely moved the trial court to add the insurer as a party to the final judgment. Further, we hold that the insurer abandoned its other arguments on *242 appeal because these arguments were raised below only within a motion for rehearing, and the insurer filed a notice of appeal prior to the motion for rehearing being disposed of by a signed, written order.
I. Factual and Procedural Background.
This case arises out of a fatal car accident in 2007. The plaintiff is the mother and personal representative of the estate of one of those killed. The plaintiff filed suit against the defendants — the driver of the vehicle and the driver’s father, who owned the vehicle — alleging negligence. The defendants were insured by the appellant, GEICO General Insurance Company (“GEICO”). GEICO retained counsel to defend the defendants in the lawsuit filed by the plaintiff. The defendants’ policy with GEICO provided liability coverage with limits of $25,000 per person and $50,000 per accident.
While the lawsuit was in litigation, the plaintiff filed a proposal for settlement against the father/owner, pursuant to section 768.79, Florida Statutes, for $150,000. Although the defendants wrote to GEICO requesting that. GEICO accept this proposal for settlement, the proposal for settlement was not accepted and the case proceeded to trial.
Following the trial, the jury returned a verdict against the father (hereinafter “the defendant”) for compensatory damages in the amount of $2,500,000. After a reduction for the negligence of a Fabre defendant, final judgment in the amount of $250,000 was entered against the defendant in November 2009. The judgment entered by the trial court expressly reserved jurisdiction to amend the judgment to include attorneys’ fees and costs.
Nearly four months later, GEICO tendered $25,000 to the plaintiff in partial satisfaction of the judgment, but did not include any interest owed. The plaintiff then moved to tax attorneys’ fees, costs, and investigative expenses pursuant to the unaccepted proposal for settlement and as the prevailing party. The trial court entered its order in April 2010, finding entitlement to attorneys’ fees and costs, but did not specify any amounts. In January 2011, the trial court entered a detailed order that delineated the specific amount of attorneys’ fees and costs which the plaintiff was owed. Thereafter, the plaintiff filed a motion for entry of judgment pursuant to the order taxing attorneys’ fees and costs and to include GEICO on this forthcoming fees and costs judgment, as well as a motion to amend the prior judgment to include GEICO for the outstanding interest owed.
The trial court held a hearing on the plaintiffs motions in May 2011. At this hearing, the plaintiff (and individual counsel for the defendant car-owner) argued: (1) that GEICO was hable for attorneys’ fees under section 768.79, Florida Statutes (the “offer of judgment statute”) because GEICO was in control of the defense and rejected the plaintiffs offer of settlement, which resulted in a $2.5 million verdict following a jury trial (reduced to $250,000 against the defendant after consideration of a Fabre defendant); (2) the language of the policy should be interpreted to include coverage for attorneys’ fees; and (3) that GEICO should be added as a party to the final judgment under section 627.4136, Florida Statutes (the “nonjoinder statute”). GEICO appeared at this hearing through counsel; however, the only argument raised by GEICO at the hearing was that the plaintiff failed to timely move the court to join GEICO as a party to the final judgment under both the nonjoinder statute (arguing that joinder must be done “at the time judgment is entered or a settlement is reached”), and Florida Rule of *243 Civil Procedure 1.530 (arguing that a motion to amend a judgment must be “served not later than 10 days after the return of the verdict in a jury action”). See § 627.4136(4), Fla. Stat. (1991); see also Fla. R. Civ. P. 1.530(b).
The trial court entered an order granting the plaintiffs motions on July 20, 2011. This order held GEICO liable for “not only the $25,000 policy limits, but also interest on that $25,000 amount from the date of the Judgment through the date of payment.” The order also held GEICO liable for attorneys’ fees pursuant to the offer of judgment statute because “a reasonable interpretation of the ... policy provisions would include the attorneys’ fees which [the defendant] has now become legally obligated to pay because of GEICO’s decisions not to settle the suit and to try the case.” Finally, the order expressly addressed and rejected “GEICO’s only argument ... that [the] motions to add GEICO to the judgments [were] untimely.” (emphasis added).
Then, on August 2, 2011, GEICO filed a motion for rehearing/reconsideration, within which it argued (for the first time) that (1) the language of the policy did not provide for payment of attorneys’ fees, and (2) GEICO cannot be considered a “party” for the purposes of the offer of judgment statute. This motion for rehearing was never noticed for hearing, and the trial court never ruled upon this motion. On August 19, 2011, before GEICO’s motion was heard, or ruled upon by the lower court, GEICO filed a notice of appeal addressing the same order.
On August 25, 2011, the trial court entered an amended final judgment. This amended final judgment did not address any of the arguments raised in the motion for rehearing, but only added GEICO as a party to the final judgment for the purposes of attorneys’ fees, taxable costs, and interest owed. Thereafter, GEICO filed an amended notice of appeal on September 6, 2011, aimed at this amended final judgment. The amended final judgment, therefore, became the subject of the instant appeal.
On appeal, GEICO argues the following: (1) the terms of the policy do not cover payment for attorneys’ fees because the meanings of “costs” and “damages” do not include “attorneys’ fees”; (2) that an insurer cannot be considered a “party” under the offer of judgment statute; and (3) that the trial court lacked jurisdiction to join GEICO as a party because the plaintiff did not timely move to add GEICO as a party to the final judgment. We hold that the first two arguments were abandoned when GEICO filed its notice of appeal; therefore, and while these arguments are compelling on their merits, the first two arguments were not properly preserved for review on appeal. Regarding the only issue that was preserved for appeal, we hold that the trial court did have jurisdiction to join GEICO as a party because the plaintiff timely moved to add GEICO as a party to the judgment. Accordingly, we affirm the amended final judgment.
II. Analysis
We first address the issue of abandonment. We hold that GEICO abandoned the arguments raised only within its motion for rehearing when it filed its notice of appeal prior to the motion for rehearing being disposed of by a signed, written order.
The Florida Rules of Appellate Procedure address the issue of abandonment within rule 9.020. Rule 9.020 provides:
(h) ... [I]f a final order has been entered and there has been filed in the lower tribunal an authorized and timely motion for ... rehearing, ...
*244 (1) ... the final order shall not be deemed rendered with respect to any claim between the movant and any party against whom relief is sought by the motion or motions until the filing of a signed, written order disposing of all such motions between such parties.
[[Image here]]
(3) If such a motion or motions have been filed and a notice of appeal is filed before the filing of a signed, written order disposing of all such motions, all motions filed by the appealing paHy that are pending at the time shall be deemed abandoned, and the final order shall be deemed rendered by the filing of the notice of appeal as to all claims between parties who then have no such motions pending between them.
Fla. R. App. P. 9.020(h)(1) & (3) (emphasis added).
Reading these subsections together illustrates the following dichotomy: when a motion for rehearing is filed, either the order/judgment being challenged is not “deemed rendered with respect to any claim ... until the filing of a signed, written order disposing of all such motions between the parties[,]” or the moving party may file a notice of appeal “before the filing of a signed, written order disposing of all such motions, ... [at which time] all motions filed by the appealing party that are pending at the time shall be deemed abandoned, and the final order shall be deemed rendered” for the purposes of appeal. See Id. In other words, when a party files a motion for rehearing in the trial court, the subject order/judgment is not “deemed rendered” unless and until (1) the trial court disposes of the motion for rehearing by way of a “signed, written order”; or (2) the moving party abandons the motion for rehearing by filing a notice of appeal. See id.; see also Barner v. Barner, 673 So.2d 886, 887 (Fla. 4th DCA 1996) (“[WJhether the judgment is rendered for purposes of appeal ... depends on whether the ... motion for rehearing has been disposed of in the lower court.... [The] motion may also be abandoned by filing a notice of appeal before the trial court disposes of the motion ....”); see also Bianco v. Bianco, 383 So.2d 1120, 1122 (Fla. 4th DCA 1980) (“[Disposition of a timely and proper motion for rehearing occurs upon [either] the trial court’s ruling thereon or upon abandonment of the motion by the moving party’s filing of a notice of appeal.”) (emphasis added).
Once a motion for rehearing has been filed, the movant may do one of two things before the order being challenged may be appealed: the movant can either (1) obtain a ruling on its motion for rehearing; or (2) file a notice of appeal. A party that chooses the latter does so at the expense of abandoning its pending motion for rehearing. See Yost v. Fiallos, ex rel. Tarazona, 64 So.3d 699, 701 (Fla. 3d DCA 2011) (holding that when a motion for rehearing is abandoned by the filing of a notice of appeal, the trial court then lacks jurisdiction to enter an order on the motion for rehearing) (citing Farr v. Farr, 840 So.2d 1166 (Fla. 2d DCA 2003)).
At the hearing on the plaintiffs motions, the plaintiff (as well as counsel for the defendant) argued: (1) GEICO was liable for the plaintiffs attorneys’ fees under the offer of judgment statute because GEICO was “in control of the defense” and rejected the plaintiffs offer of settlement; (2) the language of the insurance policy should be interpreted to include coverage for attorneys’ fees; and (3) GEICO should be added as a party to the final judgment under the nonjoinder statute. Counsel for GEICO, however, argued only that the defendants failed to timely move the court to join GEICO as a party under both the *245 nonjoinder statute and Florida Rule of Civil Procedure 1.530. Other than the timeliness of the plaintiffs motions, GEI-CO’s arguments now on appeal were never presented to the trial court at this hearing.
Following this hearing, on July 20, 2011, the trial court entered an order granting the plaintiffs motions. This order held GEICO liable for the $25,000 policy limits, as well as any interest on that amount from the date of the judgment through the date of payment. The order also held GEICO liable for attorneys’ fees pursuant to the offer of judgment statute because “a reasonable interpretation of the ... policy provisions would include the attorneys’ fees which [the defendant] has now become legally obligated to pay because of GEICO’s decision not to settle the suit and to try the case.” And perhaps most significantly, the order expressly addressed and rejected “GEICO’s only argument ... that [the] motions to add GEICO to the judgments [were] untimely.” (emphasis added).
The first instance GEICO’s other arguments were arguably “presented” to the trial court was within GEICO’s Motion for Rehearing/Reconsideration addressing the trial court’s July 20 order. This motion for rehearing was filed on August 2, 2011. Once this motion was filed, GEICO had the option of either (1) obtaining a signed, written order disposing of this motion; or (2) abandoning this motion in lieu of filing a notice of appeal. See Fla. R. App. P. 9.020(h)(1) & (3). GEICO chose the latter. On August 19, 2011, GEICO filed its notice of appeal addressing the very same order that was the subject of its motion for rehearing. The record contains no evidence that the motion for rehearing was disposed of by a signed, written order, or that it was even seen or considered by the trial court prior to the notice of appeal being filed. Accordingly, and at the moment this notice of appeal was filed, the motion for rehearing was abandoned. See id.-, see also Barner, 673 So.2d at 887 (noting that “[a]ll of the cases we could find addressing the abandonment doctrine are ones where the notice of appeal was filed after the motion for rehearing was filed but before hearing on the motion”); see also Yost, 64 So.3d at 701 (holding that when a motion for rehearing is abandoned by the filing of a notice of appeal, the trial court then lacks jurisdiction to enter an order on the motion for rehearing).
Subsequent to GEICO filing its initial notice of appeal, however, the trial court entered an amended final judgment on August 25, 2011. This judgment did not address any of the arguments raised by GEICO in the motion for rehearing, but only added GEICO as a party to the final judgment for the purposes of attorneys’ fees, taxable costs, and interest owed. Without filing any other motions below, GEICO, on September 6, 2011, filed an amended notice of appeal addressing the amended final judgment.
At oral argument, GEICO argued that the issues within its motion for rehearing were preserved for appeal because the trial court implicitly denied its motion for rehearing by entering the amended final judgment prior to ruling on the motion for rehearing. This argument is without merit. First, GEICO filed its initial notice of appeal prior to the entry of the amended final judgment.[1] At this point, prior to the entry of the amended final judgment, GEI- *246 CO’s motion for rehearing was abandoned, and the trial court lacked jurisdiction to enter any order thereon. See Yost, 64 So.3d at 701.
Next, there is no authority allowing preservation of issues raised solely within an abandoned motion for rehearing. On the contrary, when a party makes an argument in a motion for rehearing, and that motion is later abandoned by filing a notice of appeal prior to obtaining a ruling on said motion, the arguments therein are not preserved for appeal. Jonsson v. Dickinson, 46 So.3d 1016, 1016-17 (Fla. 1st DCA 2010); Krock v. Rozinsky, 78 So.3d 38, 41 (Fla. 4th DCA 2012).
In Jonsson, the former husband complained on appeal that the trial court failed to make findings of fact as required by statute. Jonsson, 46 So.3d at 1016. The First District held that “he has not preserved the point because, although he filed a motion for rehearing, he abandoned it when he filed his notice of appeal before the trial court had ruled on the motion.” Id. (citing Owens v. Owens, 973 So.2d 1169, 1170 (Fla. 1st DCA 2007)). Further, the court held that “[t]he other two issues raised by the former husband are, likewise, not preserved because [they were] either not presented in a motion for rehearing or, if presented, abandoned when he filed his notice of appeal before the trial court ruled on the motion.” Id. at 1017.
Likewise, in Krock, “Krock filed a motion for rehearing, raising a litany of allegations. However, before any ruling from the trial court on her motion for rehearing, Krock filed a notice of appeal as to the final fee judgment and as to the order denying her extension of time.” Krock, 78 So.3d at 41. This court held that, “[t]here-fore, any matters in her motion for rehearing were abandoned.” Id. (citing Fla. R. App. P. 9.020(h)(3)).
By choosing to abandon its pending motion for rehearing, GEICO also chose to abandon the arguments therein. Although we note that the arguments contained within GEICO’s motion for rehearing (and raised again on appeal) are very compelling on their merits, we hold that these arguments were abandoned by GEICO’s own volition when it filed its initial notice of appeal and abandoned its motion for rehearing. Accordingly, we do not address the merits of those arguments that were presented to the lower court solely within GEICO’s abandoned motion for rehearing.
We now address GEICO’s only argument that was presented to the trial court and hold that the plaintiff did timely move to add GEICO as a party to the final judgment.
First, by operation of Florida law, GEI-CO is considered a party for the purpose of recovering taxable costs or attorneys’ fees which would be recoverable by the insured. § 627.4136(2), Fla. Stat. (1991). The plaintiffs motions sought to add GEICO as a party in order to recover such fees and costs.
Further, issues regarding attorneys’ fees are considered collateral to the main dispute. Ulrich v. Eaton Vance Distribs., Inc., 764 So.2d 731, 733 (Fla. 2d DCA 2000). Therefore, a judgment on the merits of a suit is final and appealable even if it reserves jurisdiction to later determine either party’s entitlement to an attorneys’ fee award or the amount to be awarded. Id. “Conversely, notwithstanding the finality of the judgment as it relates to the underlying dispute, the attorney’s fee issue is not finally resolved or ripe for appellate review until both entitlement and amount have been determined.” Id.
*247 The cases cited by GEICO do not alter the aforementioned principles regarding the finality of judgments on attorneys’ fees. For example, C.A. Seguros Catatumbo v. Herrera, 812 So.2d 576, 577 (Fla. 3d DCA 2002), stands for the proposition that section 627.4136(4) “by its terms does not authorize the reopening of a judgment which has already become final.” Herrera, 812 So.2d at 577-78. The non-joinder statute provides, in pertinent part:
At the time a judgment is entered or a settlement is reached during the pen-dency of litigation, a liability insurer may be joined as a party defendant for the purposes of entering final judgment or enforcing the settlement by the motion of any party....
§ 627.4136(4), Fla. Stat. (1991). GEICO relies on this statute and the reasoning of Herrera to argue that the final judgment in the underlying action was entered in November 2009, and the plaintiffs motions to add GEICO as a party were not filed until months later. In its November final judgment, however, the trial court expressly “reserve[d] jurisdiction to consider any motions regarding ... attorney’s fees[ ]” and crossed out the following words: “in favor of Plaintiff against [any or both defendant(s) ].” The plaintiffs motions to add GEICO as a party do not seek to reopen a judgment which has already become final. Contra Herrera, 812 So.2d at 578.
The plaintiffs motions to add GEICO as a party were filed in February 2011. The hearing on these motions was held in May 2011. The final judgment' on the issue of attorneys’ fees, which is the subject of this appeal, was not entered until July 2011. Because issues regarding attorneys’ fees are considered collateral to the main dispute, and “the attorney’s fee issue is not finally resolved or ripe for appellate review until both entitlement and amount have been determined[,]” GEICO’s argument that the date of the final judgment in the main dispute should be used to calculate time is without merit. See Ulrich, 764 So.2d at 733. Accordingly, to the extent GEICO was not already considered a party under the nonjoinder statute, GEICO was timely added as a party to the final judgment regarding attorneys’ fees and taxable costs because it was added “at the time ... judgment [on attorneys’ fees and taxable costs was] entered!.]” § 627.4136(4), Fla. Stat. (1991). Similarly, and applying the same logic, the defendant’s motion to add GEICO as a party to the final judgment was also timely under Florida Rule of Civil Procedure 1.530.
Based on the foregoing, and because this was the only issue properly preserved for appeal, the amended final judgment is affirmed.

Affirmed.

STONE, BARRY J., Senior Judge, concurs.
GROSS, J., concurs specially with opinion.

. The trial court entered its order granting the plaintiff’s motions on July 20. GEICO filed its motion for rehearing addressing the July 20 order on August 2. Without any further action by the trial court, GEICO then filed its notice of appeal addressing the same order on August 19. The trial court then entered the Amended Final Judgment on August 25, at which point GEICO filed an amended notice of appeal on September 6, without filing any other motions below.