VAN NORTWICK, J.
Janice Y. King appeals a final order granting summary judgment in favor of Blue Cross and Blue Shield of Florida, Inc., appellee. On appeal, appellant does not argue that the trial court erred in granting summary judgment. Rather, she asserts that the trial court erred by denying her motion for leave to amend the pleadings to add a count based on promissory estoppel, which motion was filed as a part of her motion for rehearing. Appellant filed her notice of appeal, however, before the trial court ruled on her motions. Under Florida Rule of Appellate Procedure 9.020(h),[1] appellant is deemed to have abandoned her motion for rehearing, which included the motion for leave to amend, by filing a notice of appeal before the “filing of a signed, written order disposing of all such motions.” See also Jonsson v. Dickinson, 46 So.3d 1016, 1016-17 (Fla. 1st DCA 2010) (holding former husband abandoned post-judgment motion for rehearing when he filed notice of appeal before the trial court ruled on the motion). Even though the trial court denied appellant’s motion after the filing of the notice of appeal, an appellate court is without jurisdiction to review an order rendered after *1234 the filing of the notice of appeal. See, e.g., Velickovich v. Ricci, 391 So.2d 258, 259-60 (Fla. 4th DCA 1980). Because Appellant has failed to offer any basis for reversal of the only final order that is presently within this court’s scope of review, the trial court’s summary judgment order must be affirmed. See Moecker v. Antoine, 845 So.2d 904, 910 (Fla. 1st DCA 2003) (“It is the burden of the appealing party to demonstrate a basis in the record for overturning the presumptively correct decision of the trial court.”).
AFFIRMED.
PADOVANO and ROWE, JJ., concur.

. Florida Rule of Appellate Procedure 9.020(h) provides, in pertinent part:
An order is rendered when a signed, written order is filed with the clerk of the lower tribunal ... if a final order has been entered and there has been filed in the lower tribunal an authorized and timely motion for ... rehearing ... [or] to alter or amend ... the following exceptions apply:
(1) If such a motion or motions have been filed, the final order shall not be deemed rendered with respect to any claim between the movant and any party against whom relief is sought by the motion or motions until the filing of a signed, written order disposing of all such motions between such parties.
(3) If such a motion or motions have been filed and a notice of appeal is filed before the filing of a signed, written order disposing of all such motions, all motions filed by the appealing party that are pending at the time shall be deemed abandoned, and the final order shall be deemed rendered by the filing of the notice of appeal as to all claims between parties who then have no such motions pending between them.
In In re Amendments To The Florida Rules Of Civil Procedure, 102 So.3d 451, 480 (Fla.2012), the Florida Supreme Court modified Rule 9.020 by moving the language that had been in subsection (h) into subsection (i); the current subsection (h) addresses the applicability of the Florida Rules of Judicial Administration to appellate proceedings. At the time of the proceedings under review, the decision modifying Rule 9.020 had not yet taken effect.