# Third District Court of Appeal

## State of Florida

Opinion filed January 6, 2021.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D20-118
Lower Tribunal No. 15-8869
_____

**Juan O. Sejas,**
Appellant,

vs.

**Giovanna Paredes,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Maria Elena Verde, Judge.

Juan O. Sejas, in proper person.

Giovanna Paredes, in proper person.

Before EMAS, C.J., and LINDSEY and MILLER, JJ.

PER CURIAM.

In this appeal involving postjudgment dissolution proceedings, Juan Sejas (the former husband) appeals three orders: a December 19, 2019 order granting the emergency motion of Giovanna Paredes (the former wife) for travel, compelling the former husband to provide minor children's passports and execute travel authorization forms, and granting entitlement to attorney's fees; and two January 2020 orders, each entitled "Final Judgment Against Garnishee."

As to the first order, we affirm in all aspects, save one: to the extent that the former husband contests the trial court's attorney's fee determination (paragraphs eight and nine), that aspect of the order is nonfinal and nonappealable, as it merely determines entitlement, but not amount. We are therefore without jurisdiction to review it. Sunrise Air, Inc. v. U.S. Bancorp Equip. Fin., Inc., 132 So. 3d 298, 299 (Fla. 4th DCA 2014) ("To the extent appellate review of entitlement to attorneys' fees is sought, the appeal is dismissed for lack of jurisdiction.") (citing GEICO Gen. Ins. Co. v. Williams, 111 So. 3d 240, 246 (Fla. 4th DCA 2013) (" '[T]he attorney's fee issue is not finally resolved or ripe for appellate review until both entitlement and amount have been determined.' ")). We dismiss that portion of the former husband's appeal, without prejudice to the filing of an appeal following entry of an order fixing the amount.

As to the two remaining orders, which entered final judgment of garnishment in favor of the former wife, the former husband has failed to demonstrate that the

trial court committed any error. Instead, the former husband's claims are largely directed at determinations made by the trial court in an earlier final judgment entered in 2019 (which judgment was appealed unsuccessfully by the former husband). We therefore affirm the two garnishment orders.

Affirmed in part and dismissed in part.

3