# DISTRICT COURT OF APPEAL OF FLORIDA
## SECOND DISTRICT

_____

BEN VITALE,

Appellant,

v.

PALMETTO CHARTER SCHOOL, INC., and EVAN R. GUIDO,

Appellees.

No. 2D22-1954
_____

January 17, 2024

Appeal from the Circuit Court for Manatee County; Edward Nicholas, Judge.

Andrea Flynn Mogensen of Law Office of Andrea Flynn Mogensen, P.A., Sarasota, for Appellant.

Braxton A. Padgett and Shawn A. Arnold of The Arnold Law Firm, LLC, Jacksonville, for Appellee Palmetto Charter School, Inc.

George T. Levesque and Stephen K. Varell of Gray Robinson, P.A., Tallahassee, for Appellee Evan R. Guido.

NORTHCUTT, Judge.

We affirm without further comment the circuit court's final order denying Ben Vitale's petition for a writ of mandamus to compel production of public records. We write solely to explain that we cannot

yet address the portion of the order that finds that the appellees are entitled to recover their attorneys' fees and costs.

The circuit court premised the latter determination on its finding that Vitale's records request was motivated by an "improper purpose." *See* § 119.12(3), Fla. Stat. (2021) (providing an award of attorneys' fees and costs to a responding party when "the complainant requested to inspect or copy a public record or participated in the civil action for an improper purpose"). This issue is collateral to the underlying dispute. *See Ulrich v. Eaton Vance Distribs., Inc.*, 764 So. 2d 731, 733 (Fla. 2d DCA 2000) ("Issues regarding attorney's fees are considered collateral to the main dispute."). We lack jurisdiction to consider this collateral fee issue until the circuit court renders a final order determining both entitlement to a fee award *and* its amount. *See id.* ("[N]otwithstanding the finality of the judgment as it relates to the underlying dispute, the attorney's fee issue is not finally resolved or ripe for appellate review until both entitlement and amount have been determined."). Thus, Vitale may seek appellate review of the finding that he had an "improper purpose" only after the circuit court renders an order finally establishing the amount of the fee award under section 119.12(3).

Affirmed.

SILBERMAN and VILLANTI, JJ., Concur.

_____

Opinion subject to revision prior to official publication.

2